IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MITHUN BANERJEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-2751-PX |
| NATIONWIDE RECOVERY SERVICE, INC. | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is the motion for summary judgment filed by Defendant Nationwide Recovery Service, Inc. ("Nationwide") (ECF No. 32), and two motions for "in-banc review" and appointment of counsel filed by pro se Plaintiff Mithun Banerjee (ECF Nos. 47 & 48). The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court DENIES Plaintiffs' motions and GRANTS Defendant's motion for summary judgment.

**I.   Background**[1]

On September 24, 2018, Kaiser Permanente ("Kaiser") referred to Nationwide, a debt collection agency, an overdue medical debt of $355.25 purportedly owed by Banerjee. ECF No. 32-3 ¶ 5. Banerjee called Nationwide to dispute the debt, after which Nationwide contacted Kaiser to verify the accuracy of the reported debt. *Id.* ¶¶ 6–7. Nationwide began reporting the debt to credit reporting agencies as of February 2019, but labeled the debt as "disputed." *Id.* ¶ 8.

---

[1] Except where otherwise noted, the facts related below are undisputed and construed most favorably to Banerjee as the non-movant. *See The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010); *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 364 n.3 (D. Md. 2011).

In May 2019, TransUnion notified Nationwide that Banerjee had disputed the debt. *Id.* ¶ 10. Nationwide again reviewed the information in its records for Banerjee's account, which indicated that its reporting of the debt was accurate. Nationwide continued to report the debt as "disputed." *Id.* ¶ 11.

On March 12, 2019, Kaiser referred to Nationwide for collection a separate outstanding debt of $1,048.40 that Banerjee purportedly owed. *Id.* ¶ 9. TransUnion then communicated to Nationwide that Banerjee disputed this debt as well. Nationwide reviewed Banerjee's account information to verify that its reporting of the debt was accurate but nonetheless continued to report the debt as disputed. *Id.* ¶¶ 13–14.

Banerjee next filed two lawsuits against Nationwide in this Court. Case Nos. 20-2751 & 21-463. The Amended Complaints in both matters asserted identical legal claims, except that Case No. 20-2751 related to the $1,048 debt, and Case No. 21-463 related to the $355 debt. *See* ECF No. 17; No. 21-463 at ECF No. 15. On September 27, 2021, the cases were consolidated for all further proceedings. ECF No. 20.

The Amended Complaint primarily alleges that Nationwide violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 ("FCRA"), by failing to investigate properly the disputed medical charges and by continuing to report the two disputed debts to the credit reporting agencies.[2] ECF No. 17 at 1–2. Based on the same alleged misconduct, as well as Nationwide's purported failure to disclose certain costs and fees, the Amended Complaint also alleges violations of the Fair and Accurate Credit Transactions Act ("FACT Act"), the Credit Card

---

[2] The Amended Complaint refers to § 1681s-1, which is not relevant to Banerjee's claims, as well as §§ 1681s-7 and 1681s-8, which do not exist. Based on the nature of Banerjee's allegations, the Court assumes that he intended to bring his claims under § 1681s-2(a–b).

Accountability, Responsibility, and Disclosure Act ("CARD Act"), 15 U.S.C. § 1666b, and the Fair Credit and Charge Card Disclosure Act ("FCCCDA"), 15 U.S.C. § 1637. *Id.*

Discovery in the case is closed. Nationwide now moves for summary judgment, ECF No. 32, which Banerjee opposes, ECF No. 35. Banerjee moves for "in-banc" review of the Court's Order denying reconsideration of its previous decision regarding the propriety of a records subpoena. ECF Nos. 47 & 48. He also asks this Court to recuse itself, and to appoint counsel on his behalf. *Id.* The Court first turns to Banerjee's motions and next to Nationwide's motion for summary judgment.

## II.   Banerjee's Motions

### A. "In Banc" Review and Recusal

In two motions directed to the "Honorable Chief Judge," Banerjee requests "in-banc review" of the Court's Order at ECF No. 46 by a "Panel of 3 Judges." ECF Nos. 47 & 48. Banerjee appears to be requesting *en banc* review of the Court's Order by a panel of judges from the U.S. District Court for the District of Maryland. *En banc* review is a procedure specific to the United States Courts of Appeals, in which a decision by a panel of circuit court judges may be reviewed by the entire court. *See* Fed. R. App. P. 35. Under the Federal Rules of Civil Procedure and the Local Rules, district courts do not sit *en banc*, and so the request is denied.

The motion also appears to urge this Court's recusal from the case. 28 U.S.C. § 455 provides for the Court to disqualify itself where its "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Alternatively, 28 U.S.C. § 144 requires recusal where a party demonstrates by affidavit that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. However, a judge need not recuse herself "simply because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330

3

F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)).  Banerjee maintains that because the Court denied his motions, he has likewise been denied due process such that the Court "is not possibly ruling fairly."  ECF No. 48 at 2–3.  Banerjee's vigorous disagreement with the Court's decisions, however, provides no grounds for recusal.  The motion is thus denied.

### B.  Court Appointed Counsel

Banerjee separately requests that the Court appoint him an attorney because he "is unable to hire an Attorney and need[s] help."  ECF No. 47.  In his second motion, Banerjee adds that he requires legal assistance because he has been ill, but provides no further detail.  ECF No. 48.  A federal court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, to be exercised where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it."  *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Banerjee has litigated this matter for over two years, including throughout the entire discovery period.  He has demonstrated the wherewithal to pursue his claims, and the issues pending before the Court are not unduly complicated.  Therefore, no exceptional circumstances exist to warrant appointment of counsel.  Banerjee's request is denied.

The Court next turns to Nationwide's motion for summary judgment.

### III.    Nationwide's Motion for Summary Judgment

### A.  Standard of Review

Summary judgment is appropriate when the Court, viewing the evidence in the light most

favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another."  *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but 'must come forward with specific facts showing that there is a genuine issue for trial.'"  *Emmett*, 532 F.3d at 297 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

    **B.  Analysis**

The Amended Complaint avers violations of statutory provisions for which Banerjee does not have a cause of action.  Starting with the FCRA, although the statute prohibits persons from knowingly reporting erroneous information to credit reporting agencies, no private right of action exists for any such violation.  *See* 15 U.S.C. § 1681s-2(a), (c).  Similarly, there is no private right of action for a violation of the FACT Act based on Nationwide's failure to investigate debt that Banerjee disputed directly with Nationwide.  *See id.*; Pub. L. 108-159 § 312(c).

As for the CARD Act and FCCCDA violations premised on Nationwide's failure to disclose grace periods and fees, the relevant provisions of these statutes reach only financial institutions that issue credit cards and open-ended consumer credit plans.  *See* 15 U.S.C. § 1666b; 15 U.S.C. § 1637.  Nationwide, as a debt collection agency, is simply not a covered entity subject to these statutory requirements.  *Id.*  Thus, as to these claims, Banerjee has failed to adduce any evidence that allows the claims to proceed.

Banerjee lastly alleges that Nationwide violated the FCRA when it failed to conduct an adequate investigation of debt that Banerjee disputed with the credit reporting agencies. Section 1681s-2(b) requires a furnisher of debt information that receives notice from a credit reporting agency of a disputed debt to (1) investigate the disputed debt; (2) review all relevant information provided by the credit agency; (3) report the results of the investigation to the credit agency; and (4) if the investigation finds that the information was incomplete or inaccurate, report those results to all other credit agencies and modify or delete the information, as appropriate. 15 U.S.C. § 1681s-2(b)(1). More specifically, the furnisher must conduct a "reasonable investigation," aimed at determining "whether the disputed information can be verified." *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004). The party alleging the 1681s-2(b) violation bears the burden of demonstrating that the furnisher's investigation was "unreasonable." *See Stoer v. VW Credit, Inc.*, No. GJH-17-03203, 2022 WL 1406701, at *7 (D. Md. May 4, 2022) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010)). Although customarily the reasonableness of an investigation is a question of fact reserved for the jury, summary judgment is warranted if the reasonableness of the furnisher's investigation is "beyond question" and if plaintiff "has failed to adduce evidence that would tend to prove that the investigation was unreasonable." *Alston v. United Collections Bureau, Inc.*, No. DKC 13-0913, 2014 WL 859013, at *7 (D. Md. Mar. 4, 2014); *see also Oyathelemi v. L.J. Ross Assocs.*, DKC 20-3424, 2022 WL 4368156, at *8 ("[T]he Plaintiff and nonmovant on a motion for summary judgment" must establish that Defendant failed to conduct a reasonable investigation and "confront [Defendant's] facts with her own in the summary judgment record.").

Although the record demonstrates that Banerjee had disputed both Kaiser debts, he has adduced no evidence that Nationwide's investigation was unreasonable. The Amended

Complaint avers, in conclusory fashion, that Nationwide "never conducted an investigation." ECF No. 17. But this contention alone is not sufficient to survive summary judgment. *Cf. Beachley v. PNC Bank, Nat'l Ass'n,* No. JKB-10-1774, 2011 WL 3705239, at *4 (D. Md. Aug. 22, 2011). Indeed, Banerjee does not even address the reasonableness of the investigation *at all* in his response. ECF No. 35; *see also Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (finding that plaintiff abandoned a claim by failing to address it in her opposition to defendant's summary judgment motion). Rather, he appends to the response a single account statement received from Kaiser on April 21, 2022, well after discovery closed in this matter. *See* ECF No. 35-1.[3] The account statement reflects, at best, that no overdue medical debt could be attributed to Banerjee as of April 21, 2022. But it provides no relevant information about when Banerjee incurred the debts, whether he owed any debts when Nationwide reported them in 2019, or more to the point, whether Nationwide conducted a reasonable investigation once Banerjee disputed the accuracy of the debts. ECF No. 35-1.[4]

In contrast, the record viewed most favorably to Banerjee demonstrates that Nationwide took reasonable steps to verify the disputed debts. Once notified of the debt disputes, Nationwide contacted Kaiser for verification and reviewed Banerjee's account information. ECF No. 32-3 ¶¶ 7, 11, 14. Nationwide also obtained billing records from Kaiser, which reflect that as of September 17, 2018, Banerjee owed Kaiser $1584.65 in overdue medical expenses, including an itemized charge of $355.25. ECF No. 32-5. Thereafter, Nationwide continued to

---

[3] Because Banerjee did not produce this document in discovery, the Court could strike it from the record. *See* Fed. R. Civ. P. 37(c). The Court need not reach that issue, however, because even if the account statement is read most favorably to Banerjee, it provides no evidence that Nationwide's investigation was unreasonable.

[4] In this respect, no evidence demonstrates that the reported debts were even inaccurate. This failure of proof itself defeats the § 1681s-2(b) claim, because "a plaintiff cannot prevail on a claim against a credit furnisher under 15 U.S.C. § 1681s-2(b) without 'a showing of actual inaccuracy.'" *Alston v. Wells Fargo Home Mortg.*, No. TDC-13-3147, 2016 WL 816733, at *10 (D. Md. Feb. 26, 2016) (quoting *Chiang*, 595 F.3d at 38).

report the debts as disputed to credit agencies, helping to ensure that it was not furnishing misleading information. ECF No. 32-3 ¶¶ 8, 11–12, 14. Banerjee, however, has done nothing to undermine this evidence or otherwise show that the investigation was unreasonable. Thus, summary judgment on the § 1681s-2(b) claim is granted in favor of Nationwide.[5]

## IV. Conclusion

Based on the foregoing, the Court denies Banerjee's motions and grants Nationwide's motion for summary judgment. A separate Order follows.

12/9/2022  
Date

/S/  
Paula Xinis  
United States District Judge

---

[5] The Court declines to reach Nationwide's alternative grounds for summary judgment.